IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,)
)
)
vs. ) CR 11-122
) See Civil Action No. 13-607
)
KEVIN MICHAEL McINTOSH, )
)
Defendant/Petitioner. )

ORDER

AND NOW, this 27th day of February, 2014, upon consideration of Petitioner's pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (document No. 398) and legal memorandum in support thereof (document No. 399), filed in the above captioned matter on April 29, 2013, and in further consideration of Petitioner's answer to the Court's April 30, 2013 Show Cause Order (document No. 404), filed on May 15, 2013,

IT IS HEREBY ORDERED that Petitioner's Motion is DISMISSED. IT IS FURTHER ORDERED that no certificate of appealability shall be issued.

MOREOVER, IT IS HEREBY ORDERED that Petitioner's pro se "Motion for Leave to Amend § 2255 Motion" (document No. 414),

1

filed in the above captioned matter on July 31, 2013 is DENIED AS MOOT.

I.  **Background**

On November 30, 2011, Petitioner pled guilty to Count Seven of the indictment, charging him with conspiracy to possess with the intent to distribute and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), in violation of 21 U.S.C. § 846. In connection with his plea, Petitioner and the Government entered into a written plea agreement containing several provisions, including a stipulation as to the type and quantity of controlled substance attributable to Petitioner for purposes of USSG § 2D1.1, which was at least 5 kilograms but less than 15 kilograms of cocaine.

The plea agreement further included a waiver of certain appellate rights as well as a provision stating that Petitioner "further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." The agreement further stated that it

2

> sets forth the full and complete terms and
> conditions of the agreement between
> [Petitioner] and the [Government], and there
> are no other agreements, promises, terms or
> conditions, express or implied.

Petitioner signed the agreement and agreed at the plea hearing that he had agreed to the terms set forth in the agreement, which both the Government and the Court reviewed for him. With respect to the appellate and collateral waiver portion of the agreement, the Court specifically inquired as to whether anyone had made a threat to Petitioner or anyone else that forced him to enter into the waivers, and Petitioner responded that no one had done so. The Court then asked whether anyone had made any promises to Petitioner, other than the promises contained in the plea agreement, that induced him to waive his rights, and Petitioner again replied in the negative. The Court thus found that Petitioner had entered into the waivers knowingly and voluntarily and accepted Petitioner's plea.

On March 22, 2012, the final Presentence Investigation Report ("PIR") was filed, applying the agreed-upon drug quantity of at least 5 but not more than 15 kilograms of cocaine. Petitioner did not object to the guideline determinations, but did file a sentencing memorandum seeking a downward variance on several grounds, including that he played a minor role in the conspiracy and that he was the caretaker for his sick aunt. On

3

May 1, 2012, the Court sentenced Petitioner to a term of imprisonment of 60 months, to be followed by a term of supervised release of five years.

Petitioner did not appeal his conviction or sentence. Instead, he filed the present motion pursuant to 28 U.S.C. § 2255 on April 29, 2013. Because the Court was aware of the waiver of the right to file a Section 2255 motion contained in the plea agreement entered into by Petitioner, it ordered him to show cause why his motion should not be dismissed on the basis of this waiver. Petitioner filed a response to the Court's order on May 15, 2013.

II. **Discussion**

The Court finds Petitioner's waiver of his right to file a collateral proceeding attacking his conviction or sentence to be enforceable. As noted, Petitioner filed his motion pursuant to Section 2255. This section permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See 28

4

U.S.C. § 2255(a). However, a criminal defendant may waive his right to file a motion under Section 2255 or to otherwise seek collateral relief. Such a waiver is valid if entered into "knowingly and voluntarily" unless it would work a "miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Mabry, 536 F.3d 231, 237-38 (3d Cir. 2008). A district court has an affirmative duty to conduct an evaluation of the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice. See Mabry, 536 F.3d at 237-38.

Here, Petitioner clearly and unambiguously waived his right to file a motion under Section 2255 or to otherwise seek collateral relief, and the record demonstrates that the waiver is enforceable. The Court questioned Petitioner extensively regarding the waiver of his right to file an appeal or collateral attack as to his plea and sentence:

> Mr. McIntosh, do you understand that ordinarily you or the Government may have the right to appeal any sentence the court imposes; however, the Court notes that in paragraph A11 of the plea agreement, you and the Government agreed that you would waive, that is, give up your right to take a direct appeal from your conviction or sentence subject to the following exceptions:
>
> First, if the United States appeals from the sentence, you may take a direct appeal from the sentence. Do you understand that?

5

Second, you may also take a direct appeal
from the sentence only on the following
grounds:

> First, the sentence exceeds the
> applicable statutory limits set forth
> in the United States Code. Do you
> understand that?
>
> Or second, the sentence unreasonably
> exceeds the guideline range determined
> by the Court under the Sentencing
> Guidelines. Do you understand that?

To repeat, by these provisions of the plea
agreement, you are giving up the right to
appeal both the validity of your plea of
guilty and the legality of your sentence.
Do you understand that?

Further, you have also waived the right to
file a motion to vacate sentence under Title
28, United States Code, Section 2255, and
the right to file any other collateral
proceeding attacking your conviction or
sentence. Do you understand that?

Petitioner answered all of these questions in the affirmative.

The Court therefore continued:

> The waivers you have entered into are
> generally enforceable if entered into
> knowingly and voluntarily unless they work a
> miscarriage of justice. Has anyone made a
> threat to you or anyone else that has forced
> you to waive these rights?
>
> Has anyone made any promise to you other
> than the promises made in the plea agreement
> that has induced you to waive these rights?

When Petitioner responded in the negative, the Court found the waivers to be knowing and voluntary. Nothing submitted by Petitioner or contained in the record calls for a contrary finding.

Moreover, no miscarriage of justice would occur as a result of the enforcement of the waiver. As the Third Circuit has explained, in determining whether there would be a miscarriage of justice, the Court must consider factors such as the clarity of the alleged error, its gravity, its character, the impact of the error on Petitioner, the impact of correcting the error on the Government, and the extent to which Petitioner acquiesced in the result. See Khattak, 273 F.3d at 563 (citing United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)). Applying those factors here, after consideration of the issues raised in Petitioner's Section 2255 motion and in his response to the Court's show cause order,[1] as well as the Court's own evaluation of the record, demonstrates that no miscarriage of justice will occur by enforcing the collateral waiver.

Petitioner claims he is entitled to relief under Section 2255 on the basis of ineffective assistance of counsel.

---

[1] The Court is conscious, though, that pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999).

7

A defendant seeking relief under Section 2255 on the ground of ineffective assistance of counsel "must show both that: (1) counsel's representation fell below an objective standard of 'reasonableness under prevailing professional norms;' and (2) the defendant suffered prejudice as a result - that is, there is a reasonable probability that, but for the counsel's deficient performance, the result of the proceeding would have been different." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

> In reviewing counsel's performance, [a court] must be highly deferential. [A court] must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. Moreover, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Sistrunk, 96 F.3d at 670 (citing Strickland, 466 U.S. at 689-90) (internal quotation marks and citations omitted). "It is only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman,

109 F.3d 186, 190 (3d Cir. 1997) (quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989)).

Petitioner alleges that his counsel was constitutionally ineffective in several regards. First, he argues that counsel failed adequately to establish "an evidentiary supportable factual basis" for a cocaine quantity attributable to him that would be less than the 5 to 15 kilograms agreed upon by the parties in the plea agreement and that he was ineffective in urging Petitioner that he must plead to a quantity in excess of five kilograms. Further, Petitioner argues that counsel was ineffective in failing to assert adequately the basis for a variance from the recommended guideline sentencing range based on the fact that he provided care for his ailing aunt. Nothing asserted by Petitioner or uncovered by the Court in its independent review of the record indicates that a miscarriage of justice will occur if Petitioner's waiver prevents him from raising these claims.

As to Petitioner's argument in regard to drug quantity, he does not provide any basis for proving that there was, in fact, evidence that would establish a lesser drug quantity attributable to him. Indeed, he identifies no such evidence at all. As such, there is no basis for finding that counsel was ineffective in failing to provide the Court with

9

this un-identified evidence. Regardless, even if he could establish that counsel's representation was objectively unreasonable, he cannot demonstrate prejudice. The count at which Petitioner was charged, Count Seven, alleged that Petitioner conspired to possess with the intent to distribute and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), in violation of 21 U.S.C. § 846. In regard to a federal drug conspiracy charge such as this one, there are two relevant drug quantities. The first is the amount of drugs involved in the conspiracy, which determines the statutory penalties. A quantity of five kilograms or more of cocaine establishes a statutory sentencing range of at least 10 years' imprisonment and not more than life imprisonment. Petitioner's plea agreement set forth this range, and the Court also advised Petitioner of the range at the change of plea hearing. The second relevant drug quantity is the one attributable to Petitioner for purposes of determining his guideline sentencing range. As noted, the parties agreed that the type and quantity of controlled substance attributable to Petitioner for purposes of USSG § 2D1.1 was at least 5 kilograms but less than 15 kilograms of cocaine.

In regard to determining the statutory penalties, Petitioner does not establish, or even suggest, that the conspiracy involved less than five kilograms of cocaine, so there would be no basis for any lower drug quantity in that regard. In any event, he does not establish or suggest that the Government would have been amenable to a plea to a conspiracy of any lesser quantity, and, therefore, even if Petitioner were to argue that his counsel should have sought a plea to a lesser quantity in regard to the conspiracy itself, he cannot establish that he was prejudiced by counsel's failure to do so. See United States v. Romero-Gallardo, 113 Fed. Appx. 351, 354 (10th Cir. 2004); United States v. Boone, 62 F.3d 323, 327 (10th Cir. 1995). See also Lawuary v. United States, 199 F. Supp. 2d 866, 877 (C.D. Ill. 2002) ("The failure to negotiate a different plea agreement should instead be characterized as trial strategy that does not constitute ineffective assistance of counsel.").

Moreover, because the statutory minimum sentence of imprisonment was ten years based on the amount of cocaine involved in the conspiracy, establishing a lesser amount to be attributed to Petitioner for guideline purposes would essentially be meaningless. The agreed-upon cocaine quantity in the plea agreement, in conjunction with the other relevant sentencing factors, ordinarily would have provided for a

recommended guideline sentencing range of 97-121 months. However, because the statutory minimum sentence was ten years' imprisonment, the guideline range became 120-121 months pursuant to USSG § 5G1.1(c)(2). Therefore, even if counsel could have established that Petitioner personally was responsible for less than five kilograms of cocaine, the guideline range would have remained essentially unchanged. At best, the top of the range would have dropped by one month. Such a negligible difference cannot constitute grounds for a miscarriage of justice. Regardless, as the Court will explain, it actually sentenced Petitioner not to the top of the guideline range, but well below the bottom of that range.

As mentioned above, the Court ultimately imposed a sentence of imprisonment of five years, well below the 10-year statutory minimum. However, although the Court sentenced Petitioner below the statutory minimum, and the recommended guideline range, this reduction was pursuant to 18 U.S.C. § 3553(e), based on his substantial assistance to law enforcement. The Court was precluded from reducing Petitioner's sentence below the mandatory minimum of ten years on any grounds other than factors that reflected his assistance. See United States v. Winebarger, 664 F.3d 388 (3d Cir. 2011). Therefore, the Court could not consider the drug quantity attributable to

Petitioner in reducing his sentence below 120 months.[2] Petitioner thus was not prejudiced by any failure by his counsel to present additional information as to drug quantity.

Petitioner's second argument faces several of the same problems. The Court first points out that counsel did, indeed, present evidence that Petitioner was his aunt's caretaker, including multiple letters from family and friends attesting to this fact, and Petitioner's relationship with his aunt was also set forth in the PIR. The Court was therefore well aware of the basis for this argument, and nothing suggests that additional evidence would have caused the Court to give the argument any additional weight.[3] Regardless, even assuming that counsel could have provided more evidence in regard to Petitioner's aunt's condition, the Court could not have reduced Petitioner's

---

[2] The Court notes that Petitioner's counsel did present evidence of Petitioner's lesser involvement in the conspiracy, which the Court gave considerable weight in determining his sentence. As noted, the Court could rely on such evidence only to lower the sentence to the statutorily required minimum, and not below. To the extent that the Court did consider Petitioner's role in the conspiracy in further reducing his sentence, it actually gave undue consideration to this factor in Petitioner's favor.

[3] In his motion for leave to amend, Petitioner seeks to include medical evidence about his aunt's condition. As discussed herein, additional evidence as to this matter would have no impact on the Court's decision. Moreover, the evidence that Petitioner seeks to include substantially post-dates his sentencing, and therefore would not be relevant in determining whether his counsel was ineffective in regard to his sentencing. Accordingly, the motion is moot, and is denied as such.

sentence any further on the basis of that evidence, since the evidence would not pertain to Petitioner's assistance to law enforcement. As such, Petitioner cannot show any prejudice from the alleged ineffectiveness.

Moreover, although a miscarriage of justice can occur based on the ineffectiveness of counsel, merely raising such a claim does not render a waiver unenforceable. See United States v. Akbar, 181 Fed. Appx. 283, 286-87 (3d Cir. 2006). As noted, the Court must still consider other factors, including the clarity of the alleged error, its gravity, its character, the impact of the error on Petitioner, the impact of correcting the error on the Government, and the extent to which Petitioner acquiesced in the result. These factors demonstrate that no miscarriage of justice would result from enforcing the waiver. As to the first four of these factors, as discussed, Petitioner has established no error on the part of counsel, let alone a clear error. Further, the Government would be prejudiced significantly by having to try a case that is now several years old and in which it relied on cooperating witnesses who have already received consideration for their assistance. Indeed, Petitioner himself assisted in the prosecution of this case, and allowing him to withdraw his plea now would create difficult issues regarding prior statements and immunity going forward.

Also, were Petitioner to withdraw his plea, he might lose his sentencing consideration under Section 3553(e), which could well result in a longer sentence even if he could establish a lesser drug quantity. Moreover, Petitioner acquiesced in any error, as he entered into the plea agreement knowing the statutory penalties and the agreed-upon attributable drug quantity.

In sum, no miscarriage of justice will occur if the waiver is enforced. The Court's independent review of the record reveals nothing to the contrary.

### III. Conclusion

Accordingly, Petitioner's motion is dismissed. Moreover, because Petitioner waived his right to file any such motion, this Court does not reach the merits of Petitioner's claims, and there would be no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

cc: Kevin Michael McIntosh, #33009-068
FCI Morgantown
P.O. Box 1000
Morgantown, WV 26507